## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 18-60379-CIV-ALTMAN/Hunt

**FEDERAL TRADE COMMISSION**,

      **Plaintiff**,

v.

**THOMAS DLUCA**, *et al.*,

      **Defendants**.

_____/

### STIPULATED ORDER FOR PERMANENT INJUNCTION
### AGAINST DEFENDANT THOMAS DLUCA

The Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction and Other Equitable Relief pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). The Commission and Thomas Dluca ("Settling Defendant") stipulate to the entry of this Stipulated Order for Permanent Injunction against Defendant Thomas Dluca ("Order") to resolve all matters in dispute in this action between them.

Accordingly, the Court hereby **ORDERS AND ADJUDGES** as follows:

### FINDINGS

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Defendants participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a), in connection with the marketing of cryptocurrency schemes by: (a) representing that such schemes were *bona fide* money-making opportunities when, in fact, they were chain referral schemes; and (b) by making false or misleading income claims.

3.      Settling Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Settling Defendant admits the facts necessary to establish jurisdiction.

4.      Settling Defendant waives any claim that he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear his own costs and attorney fees.

5.      Settling Defendant waives all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.      "Business Venture" means any written or oral business arrangement, however denominated, whether or not covered by 16 C.F.R. Part 437, that consists of providing payment or other consideration for the right or means to offer, sell, or distribute a good or service.

B.      "Defendant(s)" means Thomas Dluca, Louis Gatto, Eric Pinkston, and Scott Chandler, individually, collectively, or in any combination.

C.      "Investment Opportunity" means anything, tangible or intangible, that is offered, offered for sale, sold, or traded based wholly or in part on representations, either express or implied, about past, present, or future income, profit, or appreciation.

D.      "Multi-Level Marketing Program" means any plan or program in which a participant has the right to (1) recruit others into the program or have others placed in the participant's downline and (2) receive payment or other compensation that is based, in whole or in part, upon purchases, sales, or any other activities of the participant's downline. Downline refers to the collection of participants whom a participant has personally recruited (first level), any

participants and customers recruited by first level participants (second level), any participants and customers recruited by second level participants (third level), and so forth, however denominated.

E.     "Person" means an individual, organization, financial institution, or other legal entity, including, but not limited to, an association, cooperative, corporation, limited liability company, partnership, proprietorship, or trust, or combination thereof.

F.     "Settling Defendant" means Thomas Dluca.

## ORDER

### I.     BAN ON PROHIBITED MARKETING PROGRAMS

**IT IS ORDERED** that Settling Defendant, whether acting directly or indirectly, is permanently restrained and enjoined from engaging, participating, or assisting others in the advertising, marketing, promoting, or operating of any Multi-Level Marketing Program, including any good- or service-based pyramid scheme.

### II.     PROHIBITED MARKETING SCHEMES

**IT IS FURTHER ORDERED** that Settling Defendant, whether acting directly or indirectly, is permanently restrained and enjoined from engaging, participating, or assisting others in the advertising, marketing, promoting, or operating of any Ponzi scheme or chain referral scheme.

### III.     PROHIBITION AGAINST MISREPRESENTATIONS

**IT IS FURTHER ORDERED** that Settling Defendant, his officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any Investment Opportunity or Business Venture, are permanently restrained and enjoined from:

A.     Misrepresenting or assisting others in misrepresenting, expressly or by implication:

1.     that participants will or are likely to earn substantial income from selling any good or service or by participating in the Investment Opportunity or Business Venture;

2.     the amount of sales, income, or profit a participant earned by selling any good or service or by participating in the Investment Opportunity or Business Venture;

3.     any material aspect of the Investment Opportunity or Business Venture, including, but not limited to, risk, liquidity, earnings potential, or profitability;

4.     the total costs to purchase, receive, or participate in the Investment Opportunity or Business Venture;

5.     any material restriction, limitation, or condition to purchase, receive, or participate in the Investment Opportunity or Business Venture;

6.     any material aspect of the performance, efficacy, nature, or central characteristics of the Investment Opportunity or Business Venture; or

7.     any material aspect of the nature or terms of the refund, cancellation, exchange, or repurchase policies of the Investment Opportunity or Business Venture.

B.     Making any representation, expressly or by implication, regarding the amount or level of income, including full-time or part-time income, that a participant can reasonably expect to earn through an Investment Opportunity or Business Venture unless the representation is non-misleading and, at the time, such representation is made, Settling Defendant possesses and relies upon competent and reliable evidence sufficient to substantiate that the representation is true.

Implied representations regarding the amount or level of income that a participant reasonably can expect to earn include, but are not limited to, representations involving and images used to show luxury goods or an improved lifestyle.

## IV.    MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A.    Judgment in the amount of Four Hundred and Fifty-Three Thousand, Nine Hundred and Thirty-Two Dollars and Ninety-Six Cents ($453,932.96) is entered in favor of the Commission against Settling Defendant as equitable monetary relief.

B.    Settling Defendant is ordered to pay to Plaintiff Four Hundred and Fifty-Three Thousand, Nine Hundred and Thirty-Two Dollars and Ninety-Six Cents ($453,932.96), which, as Settling Defendant stipulates, his undersigned counsel holds in escrow for no purpose other than payment to Plaintiff. Such payment must be made within 14 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of Plaintiff.

## V.    ADDITIONAL MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

A.    Settling Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.    The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.      The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.      Settling Defendant acknowledges that his Taxpayer Identification Number (Social Security or Employer Identification Number), which Settling Defendant previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

E.      All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Settling Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## VI.      ASSET FREEZE

**IT IS FURTHER ORDERED** that the asset freeze is modified to permit the payments described in the Section titled Monetary Judgment. Upon completion of this payment, the asset freeze is dissolved as to Settling Defendant.

## VII.      CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Settling Defendant, his officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from directly or indirectly:

A.      Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. Settling Defendant represents that he has provided this redress information to the Commission. If a representative of the Commission requests in writing any information related to redress, Settling Defendant must provide it, in the form prescribed by the Commission, within 14 days;

B.      Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, Social Security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that Settling Defendant obtained prior to entry of this Order in connection with the marketing, operation, or promotion of Bitcoin Funding Team or My7Network; and

C.      Failing to destroy such customer information in all forms in his possession, custody or control within 30 days after receipt of written direction to do so from a representative of the Commission.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VIII.   COOPERATION

**IT IS FURTHER ORDERED** that Settling Defendant must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated

with the transactions or the occurrences that are the subject of the Complaint. Settling Defendant must provide truthful and complete information, evidence, and testimony. Settling Defendant must appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 20 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## IX.    ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Settling Defendant obtain acknowledgments of receipt of this Order:

A.    Settling Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.    For 15 years after entry of this Order, Settling Defendant for any business that he, individually or collectively with any other Defendant, is the majority owner or controls directly or indirectly, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.    From each individual or entity to which Settling Defendant delivered a copy of this Order, Settling Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## X.    COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Settling Defendant make timely submissions to the Commission:

A.    One year after entry of this Order, Settling Defendant must submit a compliance report, sworn under penalty of perjury. Settling Defendant must:

1.    identify all telephone numbers and all physical, postal, email, and Internet addresses, including all residences;

2.    identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Settling Defendant;

3.    identify all of Settling Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

4.    describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Settling Defendant must describe if he knows or should know due to his own involvement);

5.    describe in detail Settling Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership;

6.    identify all business activities, including any business for which Settling Defendant performs services whether as an employee or otherwise and any entity in which Settling Defendant has any ownership interest;

7.      describe in detail whether and how Settling Defendant is in compliance with each Section of this Order; and

8.      provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B.      For 15 years after entry of this Order, Settling Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.      name, including aliases or fictitious name, or residence address;

2.      title or role in any business activity, including any business for which Settling Defendant performs services whether as an employee or otherwise, and any entity in which Settling Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity;

3.      any designated point of contact; or

4.      the structure of any entity that Settling Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.      Settling Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Settling Defendant within 14 days of its filing.

D.      Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that

the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. Dluca*, FTC File No. X180024.

## XI. RECORDKEEPING

**IT IS FURTHER ORDERED** that Settling Defendant must create certain records for 15 years after entry of the Order, and retain each such record for 5 years. Specifically, Settling Defendant, for any business that Settling Defendant, individually or collectively with any other Defendant, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.      accounting records showing the revenues from all goods or services sold, including all goods or services sold to participants in an Investment Opportunity or Business Venture;

B.      personnel records showing, for each Person providing services, whether as an employee or otherwise, that Person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.      records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.      all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission;

E.      a copy of each unique advertisement or other marketing material;

F.      a copy of each unique training material; and

G.      copies of all contracts, agreements, and payment records between Settling Defendant and any participant in an Investment Opportunity or Business Venture.

## XII. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Settling Defendant's compliance with this Order:

A.      Within 14 days of receipt of a written request from a representative of the Commission, Settling Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.      For matters concerning this Order, the Commission is authorized to communicate directly with Settling Defendant. Settling Defendant must permit representatives of the Commission to interview any employee or other Person affiliated with Settling Defendant who has agreed to such an interview. The Person interviewed may have counsel present.

C.      The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Settling Defendant or any individual or entity affiliated with Settling Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.      Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Settling Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1).

### XIII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 23rd day of September 2019.

_____

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

13